UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARBELLA MUTUAL INSURANCE ) | |
| COMPANY, as subrogee of Mark ) | |
| Rubenstein and Lisa Rubenstein, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | NO. 15-12928-JGD |
| v. ) | |
| ) | |
| PENN PLAX, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

March 23, 2018

DEIN, U.S.M.J.

This matter is before the court on plaintiff's "Motion to Compel Non-Party, Hanover Insurance Company's, Further Response to Rule 45 Subpoena Duces Tecum." (Docket No. 64). Therein, plaintiff contends that documents in the possession of defendant's insurer, Hanover Insurance Co. ("Hanover"), have been improperly withheld from production in this subrogation action. In addition to the orders made during oral argument on February 20, 2018, the court agreed to review documents from Hanover's claim file that were being withheld on the grounds of relevancy and work product privilege. The court has completed its *in camera* review, and hereby Orders that the documents have been appropriately withheld and do not need to be produced.

The documents span the time period of May 27, 2014 (the date of the first notice of loss) to June 30, 2015 (the date of notice of suit). They consist of notes by Hanover personnel

regarding the handling of the claim, and include the mental impressions and opinions of, primarily, Hanover's claims adjuster. The documents establish that litigation was anticipated from the outset, seemingly by both Hanover and Arbella. They do not contain any facts or investigation about the cause of the fire.

With the exception noted below, the documents are irrelevant to this litigation and/or are protected by the work-product doctrine. Arbella cannot demonstrate a substantial need for the materials. The documents were appropriately withheld. See Fed. R. Civ. P. 26(b)(3); Mass. R. Civ. P. 26(b)(3). See generally Lobel v. Woodland Golf Club of Auburndale, Civil Action No. 15-13803-FDS, 2016 WL 7410776, at *1-2 (D. Mass. Dec. 22, 2016) (discussing parameters of work product doctrine).

Included in the documents are some reproductions of email communications between Hanover and Arbella's adjuster, Jenny Ellis. This court assumes that these emails have otherwise been produced. If they have not, Hanover should produce them forthwith as they are not privileged.

In accordance with the orders made in open court and this order, Hanover's Motion to Compel (Docket No. 64) is allowed in part and denied in part. If the parties have been unable to resolve any other issues raised at the hearing, Hanover shall file another motion.

SO ORDERED.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge